UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL CORDI,

        Plaintiff,                                22 Civ.

      v.                                      **COMPLAINT**

PORT AUTHORITY TRANS HUDSON CORP.,        JURY TRIAL REQUESTED

        Defendant.
------------------------------------------------------------------------X

       Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

       1.      The plaintiff is a resident of the State of New Jersey, County of Richmond, and City of Staten Island.

       2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in New Jersey, with a usual place of business in New York.

       3.      Prior to September 24, 2020, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Structural Maintainer II under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

       4.      Prior to September 24, 2020 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the A4/A5 Tunnel approximately 400 feet west of Christopher Street Station, New York, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

       5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On September 24, 2020, the plaintiff was working as a Structural Maintainer II at the direction and training of defendant, when plaintiff was coming down end of UTV #6 when he was caused to suffer injuries due to bent step, missing railing, unsecured railing and missing handle.

11. As a result of the incident, plaintiff was caused to suffer injuries to his right ankle and foot; neck and back.

12. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

13. Plaintiff's injuries include, but are not limited to, torn ligaments in right ankle; cervical radiculopathy and spondylitis; lumbar spondylolysis and stenosis;

## COUNT I
### Violation of FELA

14. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

15. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

16. On or about September 24, 2020, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Structural Maintainer II in Tunnel A4/A5 400 feet west of Christopher Steet Station, New York, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to properly maintain UTV;

   c. in failing to repair defective steps;

   d. in failing to remove the UTV in question from service;

   e. in failing to provide a handle;

   f. in failing to provide a railing;

   g. in failing to tighten a railing;

   h. failing to inspect the equipment;

   i. in failing to warn plaintiff of defective steps on UTV;

   j. in failing to maintain plaintiff's workplace; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

17. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

18. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

                                                Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com